UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH R. FLYING HORSE,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HANSEN, Parole Agent, Sued in his Official and Individual Capacities;<br>DOUG CLARK, Supervising Parole Agent, Sued in his Official and Individual Capacities;<br>KRISTA BAST, Case Manager, Sued in her Official and Individual Capacities;<br>SETH HUGHES, Unit Coordinator, Sued in his Official and Individual Capacities;<br>DARIN YOUNG, Warden, of the South Dakota State Penitentiary, Sued in his Official and Individual Capacities;<br>DENNY KAEMINGK, Secretary of Corrections, Sued in his Official and Individual Capacities;<br>MIRANDA WARD, SDSP Case Manager, Sued in her Official and Individual Capacities;<br>RILEY DEGROOT, SDSP Case Manager, Sued in his Official and Individual Capacities;<br>TROY PONTO, SDSP Associate Warden, Sued in his Official and Individual Capacities;<br>DARIK BEIBER, SDSP Unit Manager, Sued in his Official and Individual Capacities;<br>VAL MCGOVERN, Board Staff, Sued in her Official and Individual Capacities; | 4:16-CV-04119-KES<br><br><br><br><br><br><br>ORDER DISMISSING COMPLAINT, DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR DEFAULT JUDGMENT, AND DENYING MOTION FOR PRELIMINARY INJUNCTION |

| | |
|---|---|
| STACY COLE, Board Staff, Sued in her Official and Individual Capacities;<br>KAYLA STUCKY, Board Staff, Sued in his Official and Individual Capacities;<br>ASHLEY MCDONALD, DOC Attorney, Sued in his Official and Individual Capacities;<br>PENNINGTON COUNTY, Respondeat Superior, for Pennington County State's Attorney Office;<br>SOUTH DAKOTA DEPARTMENT OF CORRECTIONS;<br>SOUTH DAKOTA BOARD OF PARDONS AND PAROLES,<br><br>                    Defendants. | |

**INTRODUCTION**

Plaintiff, Joseph R. Flying Horse, is an inmate at the South Dakota State Penitentiary in Sioux Falls. Flying Horse filed an amended complaint, moves the court to appoint him counsel, moves for default judgment and summary judgment, and moves for a preliminary injunction. For the following reasons, the court denies Flying Horse's motions and dismisses his complaint.

**FACTUAL BACKGROUND**

According to the complaint, on May 17, 2016, Flying Horse was arrested in Rapid City for unauthorized possession of controlled drug or substance. Docket 9 at 1-2. He had a parole detainer placed on him by his parole officer, James Hansen. *Id.* at 2. At his preliminary hearing, Flying Horse did not accept the court's jurisdiction, and the charges against him were dropped. *Id.* He was not released, however, and was told that the state's attorney planned on

2

re-charging him. *Id.* at 3. He was later transferred to the South Dakota State Penitentiary in Sioux Falls. *Id.*

Flying Horse asked prison officials why he was being detained without being charged with a crime despite his parole detainer expiring. *Id.* at 4-6. He was never provided a clear answer other than that the state planned on re-charging him. *Id.* On August 11, 2016, Case Manager Miranda Ward asked Flying Horse to sign a Community Transition Program Self Committal Form, but Flying Horse refused. *Id.* at 6-7. The next day, Case Manager Riley DeGroot asked Flying Horse to sign a CTP form again, but Flying Horse refused again. *Id.* at 7. Flying Horse was told by multiple prison officials that he was being detained because he had pending charges, but the South Dakota state court clerk sent him a letter on August 29, 2016, stating that he did not have any charges pending. *Id.* at 8-9.

On September 12, 2016, Ward told Flying Horse that if he signed the CTP form, he would be "on his way" to being released on parole. *Id.* at 10. She warned him, however, that if he did not sign the form, the parole board would find him in violation of parole. *Id.* The next day, Unit Manager Darik Beiber asked Flying Horse to sign a Parole Detainment Extension Form. *Id.* at 11. When Flying Horse refused, he was punished for violating prison rules. *Id.* On September 15, 2016, Flying Horse was served with Parole Violation Papers. *Id.* The Parole Board instituted parole revocation proceedings. *Id.* at 12.

On August 22, 2016, Flying Horse filed a notice of action. Docket 1. He filed what he calls his first amended complaint on November 7, 2016. Docket 9.

He alleges that he is being unlawfully detained and that defendants have violated his Due Process Rights as well as his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Docket 9 at 12. In his own words:

> Flying Horse alleges and asserts that both the PO and DOC are using the Detainer and the provisions of 28 C.F.R. § 2.49(f) . . . as a "Tool" for punishing him because he chose to exercise his Constitutional right(s) to defend against the charge brought against him by the state of South Dakota . . . ; whereas, because of his efforts the charge against him had ultimately dismissed.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is

4

appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

## DISCUSSION

Flying Horse claims that his continuing detention violates his constitutional rights. It is true "that the Due Process Clause of the Fourteenth Amendment imposes limits on the revocation of the conditional liberty enjoyed by persons serving terms of supervised release." *United States v. Bennett*, 561 F.3d 799, 801 (8th Cir. 2009). The Supreme Court has set out "minimum due process requirements for revocation hearings[.]" *Id.* at 802. But it appears from Flying Horse's complaint that he was "in custody" as either a prisoner or a parolee during the time covered in his complaint, and as such he could have attacked the propriety of his parole revocation under 28 U.S.C. § 2254. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). He can likely still attack his parole revocation under 28 U.S.C. § 2254.[1]

Flying Horse argues that defendants have kept him in jail and prison by illegally applying the state detainment procedures to him. He directly seeks the invalidation of his detention. To recover damages for allegedly

---

[1] Flying Horse makes clear in his complaint that he is raising a claim under § 1983, and he is not filing a petition for habeas relief. Docket 1 at 30.

5

unconstitutional imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Newmy v. Johnson*, 758 F.3d 1008, 1009 (8th Cir.), *cert. denied*, 135 S. Ct. 774 (2014) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). Because a judgment in Flying Horse's favor would "necessarily imply the invalidity" of his parole revocation, and because the revocation itself has not been reversed, expunged, validated, or called into question by either an executive order or a state or federal tribunal, a § 1983 action is not cognizable at this time. *Heck*, 512 U.S. at 486–87. If he is able to invalidate his revocation and recommitment, he may refile his § 1983 claims then.

> Section 1915(g) states:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court finds that Flying Horse's complaint fails to state a cognizable claim and his claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, Flying Horse is assessed a first strike under § 1915(g) for filing this complaint. Also, because Flying Horse fails to state a claim upon which relief may be granted and the case is dismissed, his remaining motions are denied as moot.

Thus, it is ORDERED

1. Flying Horse's complaint (Docket 9) is dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. Flying Horse's motion to extend time to file complaint (Docket 8) is denied as moot.

3. Flying Horse's motion to appoint counsel (Docket 9) is denied as moot.

4. Flying Horse's motion for default judgment and summary judgment (Docket 11) is denied as moot.

5. Flying Horse's motion for preliminary injunction (Docket 13) is denied as moot.

6. This action constitutes the first strike against Flying Horse for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated December 15, 2016.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE