UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH R. FLYING HORSE,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HANSEN, Parole Agent, Sued in his Official and Individual Capacities;<br>DOUG CLARK, Supervising Parole Agent, Sued in his Official and Individual Capacities;<br>KRISTA BAST, Case Manager, Sued in her Official and Individual Capacities;<br>SETH HUGHES, Unit Coordinator, Sued in his Official and Individual Capacities;<br>DARIN YOUNG, Warden, of the South Dakota State Penitentiary, Sued in his Official and Individual Capacities;<br>DENNY KAEMINGK, Secretary of Corrections, Sued in his Official and Individual Capacities;<br>MIRANDA WARD, SDSP Case Manager, Sued in her Official and Individual Capacities;<br>RILEY DEGROOT, SDSP Case Manager, Sued in his Official and Individual Capacities;<br>TROY PONTO, SDSP Associate Warden, Sued in his Official and Individual Capacities;<br>DARIK BEIBER, SDSP Unit Manager, Sued in his Official and Individual Capacities;<br>VAL MCGOVERN, Board Staff, Sued in her Official and Individual Capacities; | 4:16-CV-04119-KES<br><br><br><br>ORDER DENYING RULE 60 MOTION |

| |
|---|
| STACY COLE, Board Staff, Sued in her Official and Individual Capacities; <br> KAYLA STUCKY, Board Staff, Sued in his Official and Individual Capacities; <br> ASHLEY MCDONALD, DOC Attorney, Sued in his Official and Individual Capacities; <br> PENNINGTON COUNTY, Respondeat Superior, for Pennington County State's Attorney Office; <br> SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; <br> SOUTH DAKOTA BOARD OF PARDONS AND PAROLES, <br><br>                 Defendants. |

Plaintiff, Joseph R. Flying Horse, an inmate at the South Dakota State Penitentiary in Sioux Falls, filed a civil rights complaint under 42 U.S.C. § 1983. Docket 1. The court screened the complaint under 28 U.S.C. § 1915A, dismissed it for failure to state a claim upon which relief may be granted, and entered judgment against Flying Horse. Docket 14; Docket 15. Flying Horse now moves for relief from this order and judgment under Federal Rule of Civil Procedure 60. Docket 16.

Under Rule 60, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Flying Horse has not argued for any of these corrections. The court may also relieve a party from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

2

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Flying Horse does not specifically raise any of these reasons for relief. He argues that his complaint should not have been dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because his conviction has already been vacated. Docket 16 at 2. He attaches the documents from his previous case entitled *USA v. South Dakota Department of Corrections et al*, 5:16-cr-50076-JLV. He includes a judgment from the Eighth Circuit Court of Appeals which states, "The judgment of the originating court is vacated and remanded to the district court with instructions to remand the case to the state court." *Id.* at Docket 10. In that order, the Eighth Circuit vacated the judgment of the federal district court that had dismissed Flying Horse's motion to remove his criminal cases from state court to federal court. *Id.* It did not concern his convictions. Therefore, Flying Horse's motion for relief from the court's judgment and order is denied.

Thus, it is

ORDERED Flying Horse's Rule 60 Motion (Docket 16) is denied.

Dated December 27, 2016.

                                             BY THE COURT:
                                             /s/ *Karen E. Schreier*
                                             KAREN E. SCHREIER
                                             UNITED STATES DISTRICT JUDGE