UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH R. FLYING HORSE,<br><br>             Plaintiff,<br><br>vs.<br><br>JAMES HANSEN, Parole Agent, Sued in his Official and Individual Capacities;<br>DOUG CLARK, Supervising Parole Agent, Sued in his Official and Individual Capacities;<br>KRISTA BAST, Case Manager, Sued in her Official and Individual Capacities;<br>SETH HUGHES, Unit Coordinator, Sued in his Official and Individual Capacities;<br>DARIN YOUNG, Warden, of the South Dakota State Penitentiary, Sued in his Official and Individual Capacities;<br>DENNY KAEMINGK, Secretary of Corrections, Sued in his Official and Individual Capacities;<br>MIRANDA WARD, SDSP Case Manager, Sued in her Official and Individual Capacities;<br>RILEY DEGROOT, SDSP Case Manager, Sued in his Official and Individual Capacities;<br>TROY PONTO, SDSP Associate Warden, Sued in his Official and Individual Capacities;<br>DARIK BEIBER, SDSP Unit Manager, Sued in his Official and Individual Capacities;<br>VAL MCGOVERN, Board Staff, Sued in her Official and Individual Capacities; | 4:16-CV-04119-KES<br><br><br><br><br>ORDER |

| | |
|---|---|
| and PENNINGTON COUNTY, Respondeat Superior, for Pennington County State's Attorney Office,<br><br>                    Defendants. | |

Plaintiff, Joseph R. Flying Horse, is an inmate at the South Dakota State Penitentiary in Sioux Falls. Flying Horse filed an amended complaint, alleging that defendants violated his constitutional rights. Docket 9. After screening his amended complaint, the court found that Flying Horse had stated claims under the Fourteenth Amendment for violating his rights by illegally detaining him and under the First Amendment for retaliation. Docket 27. Flying Horse now moves this court to enter a preliminary injunction order nunc pro tunc prohibiting defendants from acting outside the time-frames set forth within Department of Corrections Policy, from forcing future parolees similarly situated to sign certain forms, and from retaliating against future parolees who refuse to sign said forms. Docket 29. Additionally, Flying Horse has filed various other motions. Dockets 37, 45, 48, 67, 68, 72, and 74.

I.   **Motion for Preliminary Injunction**

To determine whether preliminary injunction relief is warranted, this court must consider four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). At this

stage of the proceeding, it appears to the court that if Flying Horse is successful on the merits, he may be entitled to an award of monetary damages, but he has not shown that he is likely to succeed in obtaining the injunctive relief that he is requesting. Therefore, his motion for a preliminary injunction is denied.

II. **Motions to File Pleadings Without Service on Opposing Counsel and to File Pleadings Late**

Flying Horse also moves for permission to file pleadings without serving a copy of the pleadings on opposing counsel. Docket 37. He claims that he is limited to 5 pieces of legal mail per week and that it would be deny him access to the court if he is required to serve the 12 defendants in this case in light of that prison rule. All of the defendants, except Pennington County, are represented by one attorney. As a result, Flying Horse can meet his serving obligations with just three mailings: the original to the Clerk of Courts, one copy to the attorney for Pennington County, and one copy to the attorney for the remaining defendants. Because Flying Horse has not shown that the mailing limitation constitutes a denial of his access to the court, he is not entitled to avoid the court's prior order that requires him to serve a copy of his motions and pleadings on opposing counsel. Flying Horse also asks this court for permission to extend his deadline for filing certain documents until October 2, 2017. Dockets 37 and 48. The request is made because Flying Horse was moved between institutions and the move impacted his ability to file documents in a timely manner. For good cause shown, the motions to extend the deadline for filing are granted.

### III. Motion for Summary Judgment and Motions to Strike

Flying Horse also moves for summary judgment or partial summary judgment on his complaint. Docket 45. He contends that while this matter was pending on appeal before the Eighth Circuit Court of Appeals, he filed a motion for release and a notice to plead with the Eighth Circuit. The notice to plead informed defendants that they "*must* serve upon . . . Flying Horse . . . an Answer and/or Rebuttal to the *Motion and Affidavit for Release*, point for point, which has been filed with the [Eighth Circuit Court of Appeals], within twenty-one (21) days after service of this notice on you[.]" Docket 45-4 at 1. The notice warned defendants that if they "fail to answer and/or rebut said motion, Judgment by Default will be entered against the Respondents by the [Eighth Circuit] *without further notice*, for the relief demanded in said motion." *Id.* The notice also provided that "in such failure to act, . . . the Respondents will be *forever estopped* from prospectively appearing to or defending against any and all matter(s) as set forth in said motion in their entirety." *Id.* at 2. Because none of the defendants responded to the motions that were filed with the Eighth Circuit, Flying Horse claims defendants are now barred by the doctrines of res judicata, collateral estoppel, claim preclusion, and laches from presenting any viable answer, rebuttal, or defense to his complaint. As a result, he asserts that he is entitled to summary judgment. Defendants oppose the motion for summary judgment.[1]

---

[1] Flying Horse moves to strike the responsive documents of all defendants to his motion for summary judgment (Dockets 49, 50, 53, 54, 55, and 56)

The Eighth Circuit has held that "[u]nder the doctrine of res judicata, also known as claim preclusion, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998) (quoting *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994)). To show claim preclusion, a party must show that "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner*, 153 F.3d at 673. Here, Flying Horse filed a motion for release and notice to plead with the Eighth Circuit Court of Appeals. The Eighth Circuit, however, did not enter a final judgment on the merits on the issues raised on those documents. Thus, Flying Horse has failed to show that he is entitled to summary judgment based on res judicata or claim preclusion.

---

claiming they were not timely filed. Dockets 67 and 74. The postmark on Flying Horse's motion for summary judgment is August 29, 2017. Docket 45-5. Pennington County's response to the motion for summary judgment was mailed to Flying Horse on September 21, 2017. Dockets 49, 50. Defendants had 21 days after service of the motion to respond under D.S.D. Civ. LR 7.1. And because the motion was served by mail, 3 days are added. Fed. R. Civ. Pro. 6(d). Thus, the Pennington County response was timely. The non-Pennington County defendants filed their response to the motion for summary judgment on September 25, 2017. Their response was due September 22, 2017. Non-Pennington County defendants admit they filed their responsive pleading late, but state they miscalculated the due date. Under Fed. R. Civ. P. 6(b)(1)(B), for good cause shown, the court may extend the time a party has to respond to a motion upon a showing of excusable neglect. The court finds good cause has been shown and Flying Horse has not shown prejudice. Thus, the court denies Flying Horse's motion to strike the non-Pennington County defendants responsive documents. As a result, Flying Horse is not entitled to sanctions based on defendants' failure to timely respond to his summary judgment motion.

To establish collateral estoppel, a party must show: "(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1066-67 (8th Cir. 1997) (quotation omitted). Again, there was no final judgment on the merits on the issues raised by Flying Horse in his motions for release or notice to plead that were filed with the Eighth Circuit Court of Appeals. Because there was no final judgment on the merits, there can be no collateral estoppel.

Laches is an equitable defense that bars a lawsuit when a plaintiff is guilty of unreasonable and inexcusable delay that results in prejudice to a defendant. *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 804 (8th Cir. 1979). Flying Horse is trying to use the doctrine of laches affirmatively—rather than as a defense. The court is not aware of any precedent for doing so. The doctrine of laches is not applicable to the situation here.

As a result, Flying Horse is not entitled to summary judgment in his favor.

## IV. Default Judgment Motion

Flying Horse moved for a clerk's entry of default against Pennington County contending that the attorney for Pennington County did not file a Notice of Appearance and therefore was in default. Docket 65. The Clerk of Courts denied the motion for default judgment, after observing that Pennington

6

County filed an answer on August 11, 2017, which was 15 days after it was served with the complaint. Docket 66. Flying Horse contends that the answer is not sufficient. Docket 72. Fed. R. Civ. Pro. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Pennington County has filed a pleading—namely its answer—and that is sufficient to meet the requirements of Rule 55(a). Flying Horse is not entitled to a default judgment against Pennington County and Flying Horse's objection is overruled.

Thus, it is ORDERED:

1. That Flying Horse's motion for a preliminary injunction nunc pro tunc (Docket 29) is denied.

2. That Flying Horse's motion for permission to file pleadings without serving a copy on opposing counsel is denied and to file those documents until October 2, 2017 (Dockets 37 and 48) are granted.

3. That Flying Horse's motions to strike objections, memorandum and other responsive pleadings to his summary judgment motion (Dockets 67 and 74) are denied.

4. That Flying Horse's motion for sanctions (Docket 68) is denied.

5. That Flying Horse's motion for summary judgment or partial summary judgment (Docket 45) is denied.

6. That Flying Horse's objection to the clerk's denial of default (Docket 72) is overruled.

Dated December 27, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE