UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH R. FLYING HORSE,<br><br>            Plaintiff,<br><br>   vs.<br><br>JAMES HANSEN, Parole Agent,<br>Sued in his Official and Individual Capacities;<br>DOUG CLARK, Supervising Parole Agent,<br>Sued in his Official and Individual Capacities;<br>KRISTA BAST, Case Manager, Sued in her<br>Official and Individual Capacities;<br>SETH HUGHES, Unit Coordinator,<br>Sued in his Official and Individual Capacities;<br>DARIN YOUNG, Warden, of the South Dakota<br>State Penitentiary,<br>Sued in his Official and Individual Capacities;<br>DENNY KAEMINGK, Secretary of<br>Corrections, Sued in his Official and Individual<br>Capacities;<br>MIRANDA WARD, SDSP Case Manager, Sued<br>in her Official and Individual Capacities;<br>RILEY DEGROOT, SDSP Case Manager, Sued<br>in his Official and Individual Capacities;<br>TROY PONTO, SDSP Associate Warden, Sued<br>in his Official and Individual Capacities;<br>DARIK BEIBER, SDSP Unit Manager, Sued in<br>his Official and Individual Capacities;<br>VAL MCGOVERN, Board Staff, Sued in her<br>Official and Individual Capacities;<br>And PENNINGTON COUNTY, Respondeat<br>Superior, for Pennington County<br>State's Attorney Office,<br><br>            Defendants. | 4:16-CV-04119-KES<br><br><br>ORDER GRANTING MOTION TO<br>PROCEED ON APPEAL WITHOUT<br>PREPAYMENT OF FEES |

Plaintiff, Joseph R. Flying Horse, is an inmate at the South Dakota State Penitentiary in Sioux Falls. On December 27, 2017, the court denied Flying Horse's motion for a preliminary injunction nunc pro tunc, denied his motion for permission to file pleadings without serving a copy on opposing counsel but granted his motion to file those documents until October 2, 2017, denied his motions to strike objections, memorandum and other responsive pleadings to his summary judgment, denied his motion for sanctions, denied his motion for summary judgment or partial summary judgment, and overruled his objection to the clerk's denial of default. Docket 84. Flying Horse now appeals that order. Docket 86. The Eighth Circuit Court of Appeals remanded this case for the limited purpose of determining Flying Horse's in forma pauperis status and assessing the appellate filing fees. Docket 89.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A)　the average monthly deposits to the prisoner's account; or
> (B)　the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Flying Horse's appeal is taken in good faith. By filing a notice of appeal Flying Horse consented to the deduction of his initial partial appellate filing fee and the remaining installments from his prisoner account. *Henderson*, 129 F.3d at 484. Flying Horse did not file new prisoner trust account statement. *Id.* As a result, the initial appellate partial fees must be assessed as "$35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances." *Henderson*, 129 F.3d at 484. In the prisoner trust account report Flying Horse submitted for his

previous motion for leave to proceed in forma pauperis on appeal, he reported average monthly deposits to his prisoner trust account of zero dollars and an average monthly balance of *negative* $52.16. Docket 20. Based on this information, Flying Horse may proceed in forma pauperis on appeal, and the initial partial appellate filing fee is waived.

Thus, it is

ORDERED that Flying Horse may proceed in forma pauperis on appeal, and the initial partial appellate filing fee is waived.

IT IS FURTHER ORDERED that the institution having custody of the Flying Horse is directed that whenever the amount in his trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED this 18th day of January, 2018.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE